**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

TERRI L. BYRD  PLAINTIFF

v.  4:19-cv-00416-BSM-JJV

ANDREW SAUL, Commissioner,
Social Security Administration,  DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Brian S. Miller. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Terri Lynn Byrd, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v.*

*Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is fifty-one years old. (Tr. 69.) She is a high school graduate (*id.*) but has no past relevant work. (Tr. 54.)

The ALJ[1] found Ms. Byrd had not engaged in substantial gainful activity since July 15, 2015, the alleged onset date. (Tr. 49.) She has "severe" impairments in the form of "fractures of upper extremity right wrist, adjustment disorder with depressed mood mild, intellectual disability mild, and fibromyalgia syndrome." (*Id.*) The ALJ further found Ms. Byrd did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

C.F.R. Part 404, Subpart P, Appendix 1.[2]   (Tr. 49-52.)

The ALJ determined Ms. Byrd had the residual functional capacity to perform a reduced range of medium work given her physical and mental impairments.  (Tr. 52.)  The ALJ called upon on  a vocational expert to help determine if Ms. Byrd could perform substantial gainful activity given her residual functional capacity.  (Tr. 97-105.)  Based in part on the vocational expert's testimony, the ALJ concluded Plaintiff could perform the jobs of blending tank tender helper, laminating machine operator, and burner.  (Tr. 54.)     Accordingly, the ALJ determined Ms. Byrd was not disabled.  (Tr. 55.)

The Appeals Council received additional evidence and denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-38.)   Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Plaintiff says the ALJ failed to develop the record. (Doc. No. 10 at 6-11.)   Plaintiff bears a heavy burden in showing the record has been inadequately developed.  She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007).  Plaintiff has shown neither.   The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision.  *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  In this case, the record was sufficient upon which to make an informed decision.  Moreover, Plaintiff is reminded she had the burden of proving her disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, she bore the responsibility of presenting the strongest case possible.

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

*Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). As the Commissioner points out, the ALJ relied on the opinion of Plaintiff's treating doctor, Jeanine Andersson, M.D., who stated, "The patient may return to work at a medium work [classification] as tolerated." (Tr. 514.) Dr. Andersson did encourage Ms. Byrd to find less strenuous work. (*Id.*) But Dr. Andersson clearly did not believe Plaintiff was disabled based on her wrist injury.

Plaintiff clearly suffers from some limitation given her impairments. And her counsel has done an admirable job advocating for her rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Ms. Byrd's alleged physical limitations are simply not supported by the overall record. For example, Karl Landberg, M.D. noting nothing disabling when examining Plaintiff during her treatment visits. (Tr. 691, 698.) And the Commissioner's counsel has thoroughly recited the treatment records showing nothing that would preclude Ms. Byrd from performing work at the medium exertional level. (Doc. No. 11 at 10-12.) The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform medium work activities.

Plaintiff argues the ALJ incorrectly determined she did not meet the criteria for Listing 12.05. (Doc. No. 10 at 11-13.) In considering whether Plaintiff's impairment met 12.05, the

ALJ concluded that she failed to meet the Paragraphs A or B criteria. (Tr. 50-52.)

I have carefully reviewed the medical evidence and find that substantial evidence supports the ALJ's decision. A claimant has the burden of proving her condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. §§ 416.925(d) and 404.1525(d); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995). The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). For a claimant to show that her impairment matches a listing, it must meet all of the specified medical criteria. *Marciniak*, 49 F.3d at 1353. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id*.

Under Listing 12.05, a Plaintiff must first meet the requirements of the introductory paragraph, then the subparagraph criteria, before she may be found to meet the listing. See Listing 12.00A ("If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing."). Listing 12.05's introductory paragraph defines "intellectual disability" as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. So, "[t]o be considered for disability benefits under section 12.05, a claimant must at least (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive behavior before age 22." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

The ALJ stated, "In this case, these requirements were not met because the claimant is not

5

dependent on others for personal needs and she could participate in psychometric testing." (Tr. 51.) The record supports the ALJ's determination in this regard.

With regard to the Paragraph B requirements, the ALJ stated, "In this case, these requirements were not met because the claimant did not have marked or extreme limitations." (Tr. 52.) The ALJ's conclusions is supported by the consultative Mental Diagnostic Evaluation and Psychometric Evaluation performed by Steve Shry, Ph.D. (Tr. 707-710), as well as the records reviews performed by Nick Rios, Psy.D, and Brad Williams, Ph.D. (Tr. 117-118, 120-123, 139-140, 143-145.)

Plaintiff has advanced other arguments – including that the ALJ improperly relied upon the vocational expert's testimony – which I have considered and find to be without merit. Counsel for the Commissioner has provided persuasive arguments on these points. (Doc. No. 11.)

Counsel for both sides have done excellent work on behalf of their respective clients. I am sympathetic to Ms. Byrd's claims. I am certain she experiences some degree of pain and limitation from her impairments. But the overall evidence provides substantial support for the ALJ's determination that she could perform a reduced range of medium work.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this

case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 30th day of January 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE